UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

BARBARA ARANEDA, ANNE BURNS, HAYS
ELLISEN, KATHLEEN O'REILLY, SANDY SANDERS,
DAVID SEGAL, BRENDAN SEXTON, EDWARD
SUGDEN, ELIZABETH WALSH, WEI-WEI WANG, and
BRIAN WEEKS,

**ANSWER**

05 CV 9738 (KMK)(JCF)

Plaintiff,

-against-

THE CITY OF NEW YORK, NEREIDA CABASSA,
PAUL DUNNE, BRIAN CHRISTOPHER, DAVID
SONTZ, TIMOTHY CAI, DREW REPETTI, NOEL
FLORRES, SERGEANT GERALD FITZPATRICK, and
DOES,

Defendants.

------------------------------------------------------------------------ x

Defendants City of New York, Nereida Cabassa, Paul Dunne, Brian Christopher, David Sontz, Timothy Cai, Drew Repetti, Noel Florres, and Gerald Fitzpatrick, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to plaintiff's First Amended Complaint, respectfully allege as follows:

AS TO THE "PRELIMINARY STATEMENT"

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

AS TO "JURISDICTION"

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

## AS TO "JURY TRIAL DEMANDED"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiffs demand a jury trial.

## AS TO "VENUE"

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports that venue is proper.

## AS TO "NOTICES OF CLAIM"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

## AS TO "PARTIES"

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that Nereida Cabassa, Paul Dunne, Brian Christopher, David Sontz, Timothy Cai, Drew Repetti, Noel Florres, and Gerald Fitzpatrick are employed by the City of New York.

## AS TO THE "STATEMENT OF RELEVENT FACTS"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that the Republican National Convention took place in New York City in late August/early September 2004.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admit that Hays Ellisen and Brendan Sexton were arrested on August 31, 2004, and that their arresting officer was David Sontz; that Edward Sugden was arrested on August 31, 2005, and that his arresting

officer was Noel Florres; that Anne Burns and Kathleen O'Reilly were arrested on August 31, 2005, and that their arresting officer was Brian Christopher; that David Segal was arrested on August 31, 2005, and that his arresting officer was Timothy Cai; that Barbara Araneda was arrested on August 31, 2005, and that her arresting officer was Paul Dunne; that Brian Weeks was arrested on August 31, 2005, and that his arresting officer was Drew Repetti; and that Wei-Wei Wang and Elizabeth Walsh were arrested on August 31, 2004, and that their arresting officer was Nereida Cabassa.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

AS TO THE "FIRST CLAIM"

19. In response to the allegations set forth in paragraph "19" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

## AS TO THE "SECOND CLAIM"

22. In response to the allegations set forth in paragraph "22" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

## AS TO THE "THIRD CLAIM"

25. In response to the allegations set forth in paragraph "25" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

## AS TO THE "FOURTH CLAIM"

28. In response to the allegations set forth in paragraph "28" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

29. Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

## AS TO THE "FIFTH CLAIM"

31. In response to the allegations set forth in paragraph "31" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

## AS TO THE "SIXTH CLAIM"

34. In response to the allegations set forth in paragraph "34" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

37. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

38. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

39. Any and all injuries alleged in the Complaint were caused, in whole or in part, by plaintiffs' culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

40. The actions of any police officers involved were justified by probable cause.

### FIFTH AFFIRMATIVE DEFENSE

41. At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### SIXTH AFFIRMATIVE DEFENSE

42. Punitive damages cannot be recovered as against the Defendant City of New York or the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

43. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## NINTH AFFIRMATIVE DEFENSE

45. Plaintiffs provoked the incidents of which they complain.

## TENTH AFFIRMATIVE DEFENSE

46. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred, in whole or in part, by their contributory or comparative negligence and by their assumption of the risk.

## TWELTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred, in whole or in part, by the doctrines of absolute immunity, waiver and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

49. Plaintiffs consented to the acts about which they complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

50. Plaintiffs failed to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

51. To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

**WHEREFORE,** Defendants City of New York, Nereida Cabassa, Paul Dunne, Brian Christopher, David Sontz, Timothy Cai, Drew Repetti, Noel Florres, and Gerald Fitzpatrick request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       April 6, 2006

                MICHAEL A. CARDOZO
                Corporation Counsel of the City of New York
                Attorney for Defendants City of New York, Nereida Cabassa, Paul Dunne, Brian Christopher, David Sontz, Timothy Cai, Drew Repetti, Noel Florres, and Gerald Fitzpatrick
                100 Church Street, Room 3-190
                New York, New York 10007
                (212) 788-0786

By:  /s/
       Jed M. Weiss (JW 5293)
       Assistant Corporation Counsel
       Special Federal Litigation Division

Index Number 05 CV 9738 (KMK)(JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| BARBARA ARANEDA, ANNE BURNS, HAYS ELLISEN, KATHLEEN O'REILLY, SANDY SANDERS, DAVID SEGAL, BRENDAN SEXTON, EDWARD SUGDEN, ELIZABETH WALSH, WEI-WEI WANG, and BRIAN WEEKS,<br><br>                                                    Plaintiff,<br><br>-against-<br><br><br>THE CITY OF NEW YORK, NEREIDA CABASSA, PAUL DUNNE, BRIAN CHRISTOPHER, DAVID SONTZ, TIMOTHY CAI, DREW REPETTI, NOEL FLORRES, SERGEANT GERALD FITZPATRICK, and DOES,<br><br>                                                    Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York, Nereida Cabassa, Paul Dunne, Brian Christopher, David Sontz, Timothy Cai, Drew Repetti, Noel Florres, and Gerald Fitzpatrick*<br>*New York, N.Y.  10007*<br>*Of Counsel: Jed M. Weiss*<br><br>*Tel:  (212) 788-8683*<br>*NYCLIS No. 05 sf 026192* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ……………………………… ,2006*<br><br>*………………………………………………… Esq.*<br><br>*Attorney for City of New York* |