# EXHIBIT A



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | CHERYL L. SHAMMAS, ESQ.<br>Assistant Corporation Counsel<br>Phone: (212) 788-1570<br>Fax: (212) 788-9776 |

## *SUBMITTED UNDER SEAL – REFERS TO CONFIDENTIAL INFORMATION*

January 22, 2008

**BY HAND**
Honorable James C. Francis, IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007

        Re:    *Araneda, et al. v. City of New York, et al.*, 05-CV-9738 (RJS)(JCF)

Dear Judge Francis:

      The following sets forth the discovery issues in the above-captioned action. The legal argument supporting the relief requested herein is set forth in the accompanying letter of Jeffrey A. Dougherty.

I.    **Discovery of Plaintiffs' Mental Health Histories**

    A.    Plaintiffs Barbara Araneda, Hays Ellisen, Sandy Sanders, David Segal, Brenden Sexton, Edward Sugden, Elizabeth Walsh, and Brian Weeks Have Not Provided All Releases for Their Mental Health Treatment, So Their Emotional Distress Claims Should be Dismissed.

        1.    <u>Barbara Araneda</u>: Plaintiff asserts a claim for emotional distress. See Compl. ¶ ¶ 17, 21, 24, 27, 30, 33, 36; Araneda's D&I Resp. at Interrog. Resp. No. 4, 14, annexed hereto as **Exhibit "A"**; Araneda Deposition Transcript at 202-203, 222, 234, 255, annexed hereto as **Exhibit "B"**. Plaintiff has indicated she has received mental health treatment in the past, but refuses to provide her medical records and releases authorizing defendants to obtain those records. See Ex. A at Interrog. Resp. No. 6 and Doc. Resp. Nos. 1, 3, 11; Ex. B at 6. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

2. <u>Hays Ellisen</u>: Plaintiff asserts a claim for emotional distress. <u>See</u> Compl. ¶¶ 17, 21, 24, 27, 30, 33, 36; Ellisen's D&I Resp. at No. 4, annexed hereto as **Exhibit "C"**.[1] Plaintiff states that he has received psychiatric treatment and prescription medication for his history of depression, but refused to testify about such treatment and refused to provide medical and pharmaceutical records and releases authorizing defendants to obtain same. <u>See</u> Ex. C at Interrog. No. 6 and Doc. Req. Nos. 1, 3, 11; Ellisen Deposition Transcript at 89, 142-148, annexed hereto as **Exhibit "D"**. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

3. <u>Sandy (Marshall) Sanders</u>: Plaintiff asserts a claim for emotional distress. <u>See</u> Compl. ¶¶ 17, 21, 24, 27, 30, 33, 36. Plaintiff testified that he was treated by various mental health care physicians. <u>See</u> Sanders Deposition Transcript at 199, annexed hereto as **Exhibit "E"**. Plaintiff, however, has failed to provide the appropriate medical releases for each and every one of his providers. <u>See</u> Sanders D&I Resp. at Interrog. Resp. No. 6 and Doc. Req. Nos. 1, 3, 11, annexed hereto as Exhibit C. Accordingly, defendants seek dismissal of Mr. Sanders's emotional distress claims.

4. <u>David Segal</u>: Plaintiff asserts a claim for emotional distress. <u>See</u> Compl. ¶¶ 17, 21, 24, 27, 30, 33, 36. Plaintiff states that he has been evaluated by a mental health professional at least three times in last 10 years, but refused to testify about any treatment received and refuses to provide medical records and releases authorizing defendants to obtain those records. <u>See</u> Segal D&I Resp. at Interrog. Resp. No. 6 and Doc. Req. Nos. 1, 3, 11, annexed hereto as **Exhibit "F"**; Segal Depo Tr. 3-5, 60-66, 78, 86, 89-90, 178, annexed hereto as **Exhibit "G"**. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

5. <u>Brenden Sexton</u>: Plaintiff asserts a claim for emotional distress. <u>See</u> Compl. ¶¶ 17, 21, 24, 27, 30, 33, 36. Plaintiff states that he has been in mental health therapy for almost his entire life; that he has taken prescription medication in connection with such therapy, but has failed to provide medical records and releases authorizing defendants to obtain records from each of his treating physicians and from various pharmacies. <u>See</u> Sexton D&I Resp. at Interrog. Resp. No. 6 and Doc. Req. Nos. 1, 3, 11, annexed hereto as **Exhibit "H"**;[2] Sexton Deposition Transcript at 14-16, 105, 108-111, 122-127, 152, annexed hereto as **Exhibit "I"**. This includes, but is not limited to, the physician referred to plaintiff by Dr. Conway. <u>See</u> Ex. I at 111. A medical release was provided with respect to only one treating physician, and it was not properly filled out insofar as (a) he has failed to authorize release of certain discoverable documents; and (b) he has authorized the release of records only for a limited period of time and not for entire period of his treatment. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

---

[1] Exhibit C contains the collective D&I Responses for plaintiffs Hays Ellisen, Sandy (Marshall) Sanders, and Wei-Wei-Wang.

[2] Exhibit H contains the collective D&I Responses for plaintiffs Brenden Sexton, Edward Sugden, and Brian Weeks.

6. <u>Edward Sugden</u>: Plaintiff asserts a claim for emotional distress. <u>See</u> Compl. ¶ ¶ 17, 21, 24, 27, 30, 33, 36. Plaintiff testified that he has not "gotten over" his arrest; that he received mental health treatment from Mary Jane Golden while living in Washington. He has failed to provide records and releases in connection with this treatment, or properly-completed releases with respect to other treatment. <u>See</u> Sugden Deposition Transcript at 194-196, annexed hereto as **Exhibit "J "**; Sugden D&I Resp. at Interrog. Resp. No. 6 and Doc. Req. Nos. 1, 3, 11, annexed hereto as Exhibit H. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

7. <u>Elizabeth Walsh</u>: Plaintiff asserts a claim for emotional distress. <u>See</u> Compl. ¶ ¶ 17, 21, 24, 27, 30, 33, 36. Plaintiff testified that she received mental health treatment, but she has failed to provide records and releases in connection with that treatment. <u>See</u> Walsh Deposition Transcript at 77-80, annexed hereto as **Exhibit "K"**; Walsh D&I Resp. at Interrog. Resp. No. 6 and Doc. Req. Nos. 1, 3, 11, annexed hereto as **Exhibit "L"**.[3] Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

8. <u>Brian Weeks</u>: Plaintiff asserts a claim for emotional distress. <u>See</u> Compl. ¶ ¶ 17, 21, 24, 27, 30, 33, 36. Plaintiff states that he has received psychiatric treatment in connection with his history of depression, including in 2004, but refuses to provide medical records and releases authorizing defendants to obtain such records. <u>See</u> Weeks D&I Resp. at Interrog. Resp. No. 6 and Doc. Req. Nos. 1, 3, 11, annexed hereto as Exhibit H; Weeks Deposition Transcript at 214-216, annexed hereto as **Exhibit "M"**. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

## II. <u>Discovery of Plaintiffs' Non-RNC Arrests.</u>

A. Plaintiffs Araneda, Burns, O'Reilly, Sanders, Segal, Sexton, Sugden and Weeks Have Not Provided Releases for their Non-RNC Arrests so their Claims Should be Dismissed.

1. <u>Barbara Araneda</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that she has been arrested on two occasions prior to the RNC but has failed to provide records and releases for her arrests. One of those arrests was in 2002 or 2003, but plaintiff has not articulated the nature of the arrest (and hence, whether or not it was related to demonstration activity or based on charges similar to her RNC arrest). <u>See</u> Ex. A at Interrog. Resp. No. 18 and Doc Req. Nos. 1, 4, 12; Ex. B at 98. Accordingly, defendants seek dismissal of both plaintiff's false arrest claims and emotional distress claims.

2. <u>Anne Burns</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that she was arrested on at least one occasion prior to the RNC. <u>See</u> Burns Deposition Transcript at 24-25, annexed hereto as **Exhibit "N"**. She has failed to provide records and releases for her arrests. <u>See</u> Burns Resp. D&I at Interrog. Resp. No. 18 and Doc Req. Nos. 1, 4, 12, annexed hereto as Exhibit L. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

---

[3] Exhibit L contains the collective D&I Responses for plaintiffs Elizabeth Walsh, Anne Burns and Kathleen O'Reilly.

3. <u>Kathleen O'Reilly</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that she was arrested on at least one occasion prior to the RNC but has failed to provide records and releases for her arrests. <u>See</u> O'Reilly Deposition Transcript at 16, annexed here as **Exhibit "O"**; O'Reilly Resp. D&I at Doc Req. 12, annexed hereto as Exhibit L. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

4. <u>Sandy (Marshall) Sanders</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that he has been arrested on at least three occasions prior to the RNC, but has failed to provide records and releases for any of these arrests. <u>See</u> Ex. E at 22-24. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

5. <u>David Segal</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that he has been arrested on at least three or four occasions in addition to his RNC arrest that underlies the complaint, but has refused to provide records and releases for any of those arrests. <u>See</u> Ex. F at Interrog. Resp. No. 18 and Doc Req. No. 4; Ex. G at 41, 70, 82, 87, 91, 94-96. One arrest was related to demonstration activity (Critical Mass Ride) and possibly included charges similar to those underlying plaintiff's RNC arrest; another arrest was for, among other things, disorderly conduct and failing to obey a police officer (also similar to RNC charges); and the third arrest resulted in a felony conviction. <u>See</u> Ex. G at 70, 87, 91, 94-96. In connection with plaintiff's felony conviction, plaintiff was jailed/incarcerated for more than six months. <u>See</u> Ex. G at 87, 91. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

6. <u>Brenden Sexton</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that he was arrested and jailed for possession of illegal substances prior to the RNC but has failed to provide records and releases for any of those arrests. <u>See</u> Ex. I at 29. Accordingly, defendants seek dismissal of plaintiff's emotional distress claims.

7. <u>Edward Sugden</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that he was arrested on at least one occasion prior to the RNC in connection with demonstration-related activity. He has failed to provide records and releases for that arrest, for which he was jailed 8-12 hours. <u>See</u> Ex. J at 188-190. Accordingly, defendants seek dismissal of both plaintiff's false arrest claims and emotional distress claims.

8. <u>Brian Weeks</u>: Plaintiff asserts a claim of false arrest. <u>See</u> Compl. ¶ ¶ 25-27. Plaintiff states that he was arrested on two occasions prior to the RNC in connection with demonstration activity, for which he was jailed. He has refused to provide the records and releases for one of these arrests. <u>See</u> Ex. H at Interrog. Resp. No. 18; Ex. M at 19-24. A release for one arrest was provided, but only after plaintiff's deposition. Accordingly, defendants seek dismissal of both plaintiff's false arrest claims and emotional distress claims.

III. **Discovery of Plaintiffs' Economic and Special Damages**[4]

1. <u>Barbara Araneda</u>: Plaintiff alleges economic damages in the amount of $1,005 for travel expenses incurred in connection with her criminal court proceedings, and $265 for dropping a college course due to her arrest. See Ex. A at Interrog Resp. No. 5; Ex. B at 214-222. With respect to the travel expenses, plaintiff failed to submit adequate proof of damages. With respect to the dropped course, plaintiff failed to submit proof that she dropped her course by failing to provide school records and releases for same. See Ex. A at Doc Req. Nos. 1, 5, 18 Similarly, she has failed to provide adequate proof of payment of tuition (providing only copies of a school pamphlet containing its tuition return policy). See id.

2. <u>Anne Burns</u>: Plaintiff alleges economic damages in the amount of $250 for damage to a handbag during her arrest, but has failed to submit any proof of payment, receipts, or other documentation of these damages. See Ex. L at Interrog. Resp. No. 5 and Doc Req. Nos. 1, 5.

3. <u>Kathleen O'Reilly</u>: Plaintiff alleges economic damages in the amount of $2,000 for "out of network" medical treatment in connection with her arrest, but has failed to submit proof of services rendered and/or proof of payment, receipts, or other documentation of these damages. See Ex. L at Interrog. Resp. No. 5 and Doc Req. Nos. 1, 5.

4. <u>Sandy (Marshall) Sanders</u>: Plaintiff alleges economic damages for travel and lodging to New York in the amount of $1,531.10 and $154.94 for an unused hotel room and unreturned personal items in connection with his RNC arrest. See Ex. C at Interrog. Resp. No. 5 and Doc Req. Nos.1, 5. Plaintiff, however, has failed to submit adequate proof of payment or sufficient documentation of these damages.

5. <u>Elizabeth Walsh</u>: Plaintiff claims economic damages in the amount of $250 for travel expenses allegedly incurred in connection with her criminal court proceedings but has failed to submit any proof of payment, receipts, or other documentation of these damages. See Ex. K at 81; Ex. L at Interrog. Resp. No. 5 and Doc Req. Nos. 1, 5.

IV. **Motion to Compel Outstanding Relevant Discovery.**

In addition to the foregoing, the following items were requested during plaintiff's deposition and/or by subsequent letter (see **Exhibit Q**) but have not been received:

---

[4] In compliance with Rule 37(a)(2), an email dated January 17, 2008 sent by defense counsel to Mr. Best alerting him of plaintiff-specific deficiencies related to economic and special damages is annexed hereto as **Exhibit "P"**.

5

1. <u>Barbara Araneda</u>:
   a. Copies of emails between or among herself and/or her friends Christina Aikman and Jason regarding their arrests, the criminal case, the civil action, and/or their 50-H, hearings. Ex. A at 257.

2. <u>Anne Burns</u>:
   a. Copies of all pamphlets received by Plaintiff that were prepared by the National Lawyers Guild or any other legal organization concerning information regarding recommended actions to be taken by RNC arrestees and related legal representation. <u>See</u> Ex. N at 149;
   b. Color copies of any pictures taken by plaintiff of her clothing that she wore at the time of her RNC arrest. <u>See</u> Ex. N at 160;
   c. Copies of all documents reflecting any statements made by plaintiff to the National Lawyers Guild concerning her RNC arrest and subsequent detention (including as to any injuries). <u>See</u> Ex. N at 231.

3. <u>Hays Ellisen</u>: Copies of all emails drafted, created, written, sent or emailed sent to/from Plaintiff which relate to the incident, his arrest and/or this litigation, including, but not limited to, all emails to/from the ACLU, plaintiff's parents, friends, brother, co-workers and RNC List Serve. <u>See</u> Ex. C at Interrog. Resp. No. 9 and Doc Req. No. 1; Ex. D at 18-23.

4. <u>Kathleen O'Reilly</u>:
   a. Copies of all emails drafted, created, written, sent or emailed and/or received by plaintiff which relate to the incident, her arrest and/or this litigation, including, but not limited to, all emails to and from the person named "Charley" mentioned in Plaintiff's deposition. <u>See</u> Ex. O at 29-30; 100, 127;
   b. Copies of all journals Plaintiff has kept, from the RNC period to present, regarding this incident, her arrest, her alleged injuries and/or this litigation. <u>See</u> Ex. O at 33;
   c. Credit card statements reflecting dates when plaintiff was in NYC during the RNC period. <u>See</u> Ex. O at 45.

5. <u>Sandy (Marshall) Sanders</u>:
   a. Any and all original photographs taken throughout Plaintiff's visit to New York during August 2004. <u>See</u> Ex. E at 8; Ex. C at Doc. Req. No. 4;
   b. The entire document/statement Plaintiff wrote concerning his 8/04 arrest. <u>See</u> Ex. E at 10;
   c. Any and all photographs plaintiff took with his digital camera during his trip to New York in 8/04. <u>See</u> Ex. E at 44;
   d. Any and all emails sent to/from plaintiff and Nadxi. <u>See</u> Ex. E at 45-47;
   e. The original blog Plaintiff wrote concerning his arrest. <u>See</u> Ex. E at 121;
   f. Any and all paperwork concerning his criminal charges including but not limited to his arrest paperwork and criminal court paperwork given to plaintiff at any time during his arrest until present time. <u>See</u> Ex. E at 178;

  g. Any and all arrest paperwork or criminal court documents or any paperwork in connection with his arrest and detention. See Ex. E at 230.

6. Segal, David
  a. Copies of *The Radical Jasper*. See Ex. G at 34;
  b. Signed signature page for 50-H transcript and signed errata sheets. See Ex. G at 52;
  c. Copy of article from *The Republican American*. See Ex. G at 58.

7. Sugden Edward
  a. Copies of any of plaintiff's journal entries which make reference to any of the protests or rallies or demonstrations plaintiff has attended. See Ex. J at 21;
  b. Copies of any and all e-mails sent by plaintiff to List Serves and all e-mails which may have been sent back to plaintiff. See Ex. J at 209;
  c. Copies of any and all e-mails in plaintiff's possession regarding the plaintiff's request to file a Notice of Claim and possibly file a lawsuit. See Ex. J at 212;
  d. Copies of any and all photographs in plaintiff's possession concerning the RNC. See Ex. J at 260.

8. Wang, Wei-Wei
  a. Provide Elizabeth McCall's current physical and mailing address(es), email address and telephone number(s). See Wang Deposition Transcript at 201, annexed hereto as **Exhibit "R"**.
  b. Provide Brianna Lustre's current physical and mailing address(es), email address and telephone number(s). See Ex. R at 201.
  c. Provide the contact information for all other witnesses to plaintiff's arrest, including, but not limited to, physical and mailing addresses, email addresses and phone numbers, for any and all persons known to Plaintiff or her counsel, who have information regarding the events surrounding Plaintiff's arrest. See Ex. R at 201.

## V. **Relief Requested.**

For the foregoing reasons, defendants respectfully submit that the Court enter an order:

1. Dismissing plaintiffs Barbara Araneda, Hays Ellisen, Sandy Sanders, David Segal, Brenden Sexton, Edward Sugden, Elizabeth Walsh, and Brian Weeks's claims of emotional distress damages and injuries with prejudice due to their failure to provide medical and/or pharmaceutical releases;

2. Dismissing plaintiffs Barbara Araneda, Anne Burns, Kathleen O'Reilly, Sandy Sanders, David Segal, Brenden Sexton, Edward Sugden, and Brian Weeks's claims for emotional distress damages and injuries with prejudice due to their failure to provide releases for their arrest records;

3. Dismissing plaintiffs Barbara Araneda, Edward Sugden, and Brian Weeks's claims for false arrest with prejudice due to their failure to provide releases for their arrest records relating to pre-RNC, demonstration-related arrests;

4. Compelling plaintiffs Barbara Araneda, Anne Burns, Kathleen O'Reilly, Sandy Sanders, and Elizabeth Walsh to provide all available documentation of their economic and special damages by January 31, 2008 or those claims shall be dismissed with prejudice; or alternatively precluding plaintiffs from offering any evidence in support of those claims at any time hereafter;

5. Compelling plaintiffs Barbara Araneda, Anne Burns, Hays Ellisen, Kathleen O'Reilly, Sandy Sanders, David Segal, Edward Sugden, and Wei-Wei Wang to provide all outstanding discovery by January 31, 2008; and

6. Grant such further relief as it deems just and proper.

Respectfully submitted,

/s/
Cheryl. L. Shammas

Cc.: Norman Rick Best, Esq. (*via* email)

8