# EXHIBIT B

# NORMAN BEST
Attorney at Law
Member of the Bar in New York and Washington State

**SUBMITTED UNDER SEAL: REFERENCES CONFIDENTIAL INFORMATION**

February 29, 2008

**BY HAND**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

       Re:    Araneda, et al. v. City of New York, et al., 05 Civ. 9738 (RJS)(JCF)

Dear Judge Francis:

       I write in response to defendants' January 22, 2008 motion to dismiss some plaintiffs' claims in this action, and for other relief, on the grounds of alleged deficiencies in plaintiffs' discovery responses.

       Defendants' motion should be denied in its entirety because defendants refused to meet and confer prior to filing their motion. On the merits, many applications claiming that documents or releases were not provided should be denied because plaintiffs provided them long ago, before plaintiffs' depositions. In all other cases, with the exception of four plaintiffs who have declined to provide mental health treatment releases, and one in the process of ascertaining if records exist for treatment newly discovered to be within the ten year period, they should be denied because the documents and releases have been produced since plaintiffs' depositions.

**Defendants' Motion Should be Denied Because Defendants Refused Plaintiffs' Request to Meet and Confer Regarding Discovery Issues**

       The Court issued an Order on November 26, 2007 requiring the parties to make motions "relating to a party deposition" by January 15, 2008 (later extended to January 22, 2008).

       On January 14, 2008 this Court issued a Memo Endorsed Order which stated, "Any motion filed without compliance with the meet and confer requirement will be summarily denied."

For the foregoing reasons, defendants' applications to dismiss the emotional distress damages claims of plaintiffs Sanders, Sexton, and Sugden should be denied.

### B. Plaintiff Walsh Is Obtaining a Release for Records Relating to Treatment Which She Erroneously Believed Pre-Dated the RNC by More than Ten Years

Defendants claim that plaintiff Walsh "has failed to provide records and releases in connection with" mental health treatment. Plaintiff testified in her deposition that she believed that she saw a counselor when she was 15 years old for 3 sessions.[14] That would have been in 1994, long before the five-year period for which defendants had requested mental health treatment releases. Ms. Walsh did not remember the name of counselor.

Plaintiff Walsh's deposition took place on September 18, 2007. I did not receive the deposition transcript until January 28, 2008, after defendants' motion had been filed (the City had sent it to an incorrect address, with a cover letter dated January 7, 2008). I contacted the plaintiff and requested that she attempt to identify the name and contact information of the counselor she mentioned in the deposition. Ms. Walsh has since contacted the counselor, who informed plaintiff that she was seen one time in 1996. I have obtained a release from Ms. Walsh for the counselor's records, and I have sent it to the counselor by Federal Express. I spoke with the counselor on Saturday, February 23, 2008; the counselor informed me that she would not have access to her records until March 3, 2008, and that she did not know if any records pertaining to Ms. Walsh existed.

For the foregoing reasons, defendants' application to dismiss the emotional distress damages claim of plaintiff Walsh should be denied. Plaintiff proposes that if there are any counseling records pertaining to Ms. Walsh, releases and copies of the records will be provided by March 10, 2008. Plaintiff proposes that the parties meet and confer on the need for and method of any reopened deposition.

### C. Plaintiffs Araneda, Ellisen, Segal, and Weeks Decline to Provide Releases

Plaintiffs Araneda, Ellisen, Segal, and Weeks have declined to provide releases for any prior mental health treatment they may have received. Plaintiffs object to the dismissal of their claims for emotional distress for the reasons set forth in the February 9, 2007 Reply Memorandum in Support of Plaintiffs' Objections, Pursuant to Rule 72, F.R.Civ.P., to Magistrate Judge Francis' Order Dismissing Claims for Mental and Emotional Injury in Abdell v. City of New York, 05 Civ. 8453 (RJS)(JCF).[15]

---

[14] Deposition Transcript pages 77-78 attached as Exhibit K.

[15] The February 9, 2007 Reply Memorandum in Support of Plaintiffs' Rule 72 Objections to the Order Dismissing Claims for Mental and Emotional Injury in the Abdell case is attached as Exhibit L.

5

Plaintiffs emphasize that they do not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct, and their mental suffering and emotional distress claims cover a period of limited duration, primarily occurring during the time of their arrest and incarceration. Furthermore, the plaintiffs will not offer any evidence at trial from a treating mental health provider or an expert.

The reasoning in Kerman v. The City of New York, 374 F.3d 93, 125 (2d Cir. 2004), leads to the conclusion that a plaintiff need not produce treatment records in the circumstances presented here. Kerman held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." Kerman, 374 F.3d at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" Id. at 125. In every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not*. Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it.

Since the briefing of this issue on the original Rule 72 application in Abdell, wherein plaintiffs relied upon Greenberg v. Smolka, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006), other decisions in this district have come to the same conclusion. In Kunstler v. The City of New York, 242 F.R.D. 261, 2007 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2007) (Sweet, J.), plaintiffs resisted turning over psychological records concerning "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." Id. at *5. That is exactly the kind of emotional injury plaintiffs herein are claiming. The Court, upholding Magistrate Judge Dolinger's Memorandum and Order, held that the defendants

> had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe,* represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975),* as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991),* is compelling.

Id. at *6. For the foregoing reasons, incorporating by reference the arguments set forth in Exhibit L, defendants' applications to dismiss the emotional distress damages claims of plaintiffs Araneda, Ellisen, Segal, and Weeks should be denied.

Ms Wang's arrest. Ms. Wang has provided what ever contact information she has for any other witnesses of her arrest and detention of which she is aware.

                                                  Respectfully submitted,


                                                  Norman F. E. Best
                                                  Law office of Michael L. Spiegel


cc: A.C.C. Cheryl Shammas (by hand)